# EXHIBIT "B"

# EXHIBIT "B"

**Electronically Filed**
**10/22/2024 4:27 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
**KANG & ASSOCIATES, PLLC**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
P: 702.333.4223
F: 702.507.1468
pkang@acelawgroup.com
filing@acelawgroup.com
*Attorneys for Plaintiff*

CASE NO: A-24-904438-C
Department 29

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID ISLAS, an Individual,<br><br>                          Plaintiff,<br>v.<br><br>TELUS INTERNATIONAL (U.S.) CORP., a Foreign Corporation; DOES 1 Through 25, inclusive; and ROE CORPORATIONS 1 Through 25, inclusive,<br><br>                          Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

**COMPLAINT**

COMES NOW, Plaintiff, DAVID ISLAS, by and through his attorneys of record, Patrick W. Kang, Esq. and Kyle R. Tatum, Esq., and Paul H. Wolfram, Esq. of the law firm of KANG & ASSOCIATES, PLLC, as and for his complaint against Defendants, and hereby complains, alleges and states as follows:

**PARTIES**

1. DAVID ISLAS (hereinafter "Mr. Islas" or "Plaintiff") was at all times relevant a resident of Clark County, Nevada.

2. TELUS INTERNATIONAL (U.S.) CORP., (hereinafter "Defendant" or "TELUS") was at all times relevant, a Foreign Corporation, conducting business in the State of Nevada in the County of Clark.

3. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the complaint to substitute the actual names of these unknown parties at such time as the true names of DOES 1-25 become known.

4. Defendants are agents, servants, employees, employers, trade venturers, partners and/or family members of each other. At the time of the incidents described in this complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

**VENUE AND JURISDICTION**

5. This is a civil complaint brought in District Court under statutes prohibiting discrimination in order to secure protection and redress for deprivation of rights under these laws.

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.101 and 13.040.

7. The exercise of jurisdiction by this Court over the Defendant in this civil action is proper pursuant to NRS 14.065.

8. The liability claims and allegations for which Plaintiff complains and for which Defendants are liable arise out of actions that took place in Clark County, Nevada.

9. Specifically, the circumstances surrounding the discrimination and adverse employment action, which led to and caused Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

10. Plaintiff exhausted all necessary administrative remedies through the filing of his Charge of Discrimination with the Nevada Equal Rights Commission ("NERC").

11. Plaintiff received a copy of his Notice of Right to Sue notice (for EEOC No. 34B-2023-00826) on September 11, 2024, attached hereto as **Exhibit 1**. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of his receipt of the Notice of Right to Sue.

## **GENERAL ALLEGATIONS**

12. In July of 2019, Plaintiff commenced his employment with Defendant TELUS in the Tech Support field.

13. Throughout his employment, Plaintiff performed his job satisfactorily.

14. Prior to Plaintiff's onboarding, he made Defendant aware of his disability due to various medical issues, including gastroparesis.

15. Defendant was aware of Plaintiff's physical impairment(s) which substantially limited Plaintiff's major life activities, Plaintiff provided records of such impairment(s) to Defendant, and Plaintiff was regarded as having such impairment(s) by Defendant, its employees, agents, and managers.

16. During his employment, Plaintiff made several reasonable accommodation requests to Defendant, such as requesting to work from home, requesting medical leave based upon physician recommendations, requesting for time off, and other requests, which were denied by the Defendant either without reason or without good cause.

17. In March of 2022, one of Plaintiff's medical conditions worsened and required surgery.

18. Plaintiff requested time off and completed necessary paperwork to take medical leave to recover from the surgery, which was recommended by Plaintiff's treating physician.

19. Defendant denied Plaintiff's request for leave without reason or without good cause.

20. Subsequently, Plaintiff was given a "final warning" for missing two days of work.

21. On or about October 14, 2022, Plaintiff was involved in a car collision that necessitated medical treatment and additional medical leave from work.

22. Plaintiff informed his supervisor of such and began applying for leave.

23. Plaintiff brought up his concerns with his manager who advised him to call out every day until his leave was approved.

24. Based on the communications with his supervisor, Mr. Islas reasonably believed he was on approved absence while his FMLA leave was pending approval.

25. Upon information and belief, Mr. Islas' leave was never approved and his requested leave was denied.

26. While Plaintiff was approved for leave from November 17, 2022 to March 31, 2023, his other reasonable requests were denied without good cause.

27. Subsequently, Human Resources canceled Plaintiff's health insurance without reason.

28. Upon information and belief, Human Resources also told third-party administrators that he was not disabled, that nothing was wrong with him, and recommended against approving leave, despite recommendations from Plaintiff's treating physicians.

29. On or about April 28, 2023, Plaintiff received communication that he needed to update the Defendant by May 1, 2023 regarding his employment status.

30. Plaintiff asked for a meeting with Defendant to discuss his return to work but was advised they would not meet with him.

31. On May 2, 2023, Plaintiff received a letter stating that his job was terminated for abandonment.

32. Plaintiff asserts that the actual reason for his termination was pretextual and the true nature of the adverse employment actions taken against him, including termination, were discriminatory based on his disability, and/or retaliatory based upon his requests for FMLA leave and/or reasonable accommodations in the workplace.

33. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered from severe emotional distress.

## FIRST CLAIM FOR RELIEF

*(Disability Discrimination Pursuant to NRS 613.330)*

34. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

35. Defendant TELUS, acting through its representatives, managers, officers, and/or employees, knew or should have known of its obligation, pursuant to state statutes, to maintain workplaces free of discrimination based on a person's disability.

36. Defendant TELUS, acting through its representatives, managers, officers, and/or employees, was aware of Plaintiff's disability and regarded Plaintiff as being disabled.

37. Defendant TELUS, acting through its representatives, managers, officers, and/or employees, ultimately denied Plaintiff's reasonable requests for accommodation based on his disability.

38. These denials caused Plaintiff's job performance to suffer and caused him to miss additional time from work.

39. Further, because of Plaintiff's disability, he received adverse treatment from Defendant compared to his similarly situated, non-disabled co-workers.

40. Defendant TELUS, acting through its representatives, managers, officers, and/or employees, failed to provide a reasonable accommodation for Plaintiff's disability, treated him differently than his similarly situated co-workers, and/or failed to approve reasonable requests for leave due to Plaintiff's disability.

41. Defendant TELUS, acting through its representatives, managers, officers, and/or employees, failed to address Plaintiff's concerns with accommodations in a way that subjected him to disparate treatment by coworkers not of his protected class.

42. Defendant TELUS' conduct, acting through its representatives, managers, officers, and/or employees, was discriminatory based upon Plaintiff's disability, and therefore, prohibited by statutes, including NRS 613.330.

43. As a result of Defendant TELUS's prohibited discrimination, Plaintiff has been damaged and will continue to be damaged in an amount in excess of $15,000.00.

44. Due to the Defendants' conduct, Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

(*Retaliation*)

45. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

46. Plaintiff worked for Defendant TELUS as a Technical Support Worker, at all times during his employment he performed his job satisfactorily.

47. During the course of Plaintiff's employment, he engaged in protected actions such as requesting reasonable accommodations due to his disability, requesting medical leave due to his disability, and/or applying for FMLA leave.

48. After receiving notice of the Plaintiff's FMLA, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by subjecting the Plaintiff to adverse employment actions including but not limited to cancelling his health insurance, denying leave, denying accommodations, and termination.

49. These actions were a direct result of Plaintiff engaging in the protected activities, as outlined above.

50. Defendant's actions were done with willful disregard for the well-established and well-known rights of the Plaintiff.

51. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

52. Due to the Defendants' conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

///

///

///

///

///

///

///

///

**WHEREFORE**, Plaintiff is entitled to judgment in his favor and against Defendants, as follows:

1. For judgment in an amount in excess of $15,000.00;

2. For all costs and all attorneys' fees incurred and accrued in these proceedings;

3. For interest thereon at the legal rate until paid in full;

4. For punitive and exemplary damages in an amount to be determined by this Court; and

5. For such other and further relief as the Court may deem just and proper.

Dated this __22nd__ Day of October, 2024.

        **KANG & ASSOCIATES, PLLC**

        /s/*Paul H. Wolfram, Esq.*
        **PATRICK W. KANG, ESQ.**
        Nevada Bar No.: 010381
        **KYLE R. TATUM, ESQ.**
        Nevada Bar No.: 13264
        **PAUL H. WOLFRAM, ESQ.**
        Nevada Bar No.: 16025
        **KANG & ASSOCIATES, PLLC**
        6480 West Spring Mountain Road, Suite 1
        Las Vegas, Nevada 89146
        P: 702.333.4223
        F: 702.507.1468
        *Attorneys for Plaintiff*

# *EXHIBIT 1*

COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove



**NERC**
NEVADA EQUAL RIGHTS COMMISSION
A division of the Department of Employment, Training and Rehabilitation

JOE LOMBARDO
Governor

KARA M. JENKINS
Administrator

September 11, 2024

Thomas Davis, Esquire
KANG & ASSOCIATES, PLLC, DBA ACE LAW GROUP
6480 W. Spring Mtn. Road, Suite 1
Las Vegas, Nevada 89146
**Sent via Email:** tdavis@acelawgroup.com

RE:   David Islas   vs   Telus International, Inc.
       NERC No. 0719-23-0400L       EEOC No. 34B-2023-00826

Dear Mr. Davis:

The Nevada Equal Rights Commission (NERC) is closing your client's case as you have requested a Right-to-Sue letter from NERC and from the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does not preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

RE: David Islas vs Telus International, Inc.
    NERC No. 0719-23-0400L    EEOC No. 34B-2023-00826
Page 2 of 2

If you and/or your client have any questions, please do not hesitate to contact the Commission at the below listed telephone number.

Sincerely,

*Felipe A. Ortiz*

Felipe A. Ortiz
Chief Compliance Investigator Outreach Specialist
Nevada Equal Rights Commission