Z. Kathryn Branson, Esq.
Nevada Bar No. 11540
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:  702.862.8800
Fax No.:    702.862.8811
kbranson@littler.com

Attorney for Defendant
TELUS INTERNATIONAL (U.S.) CORP.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID ISLAS, an Individual, | Case No.: 2:24-cv-02230-MDC |
| Plaintiff, | District Judge: Maximiliano D. Couvillier III |
| v. | **TELUS INTERNATIONAL (U.S.) CORP.'S STATEMENT REGARDING REMOVAL** |
| TELUS INTERNATIONAL (U.S.) CORP., a Foreign Corporation; DOES 1 Through 25, inclusive; and ROE CORPORATIONS 1 Through 25, inclusive, | |
| Defendants. | |

Pursuant to the Court's Minute Order Concerning Removal dated December 3, 2024 (ECF No. 5), Defendant TELUS INTERNATIONAL (U.S.) CORP. ("TELUS" or "Defendant") submits the following statement regarding removal:

**1.** **The date on which you were served with a copy of the complaint.**

TELUS was served with a copy of the Complaint on October 29, 2024.

**2.** **The date on which you were served with a copy of the summons.**

TELUS was served with a copy of the summons on October 29, 2024.

**3.** **In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties, and a summary of defendant's evidence of the amount in controversy.**

Defendant removed this action based on diversity jurisdiction.

**Citizenship of the Parties:** According to the Complaint, Plaintiff is an individual residing in Clark County, Nevada. *See* ECF No. 1, Ex. B ("Compl."). TELUS's place of incorporation and principal place of business is Vancouver, Canada.

**Defendant's evidence demonstrating that the amount in controversy exceeds $75,000:** The following evidence is undisputed and verifiable. Plaintiff brings claims under: (1) Disability Discrimination Pursuant to NRS 613.330; and (2) Retaliation. *See generally* Compl. Plaintiff seeks economic, general, special, compensatory, and punitive damages, and attorneys' fees. *See, Id.* If Plaintiff succeeds on his claims, he may recover backpay, front pay, attorneys' fees, compensatory damages, and punitive damages. Plaintiff expressly seeks to recover at least $15,000 on two causes of action. *See* Compl. ¶¶ 43 and 51 and WHEREFORE clause ¶¶ 1-5.

Attorneys' fees, emotional distress damages, and punitive damages are all properly considered in the amount in controversy calculation where the recovery of such damages is authorized. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-CV-O0661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010) ("A plaintiff's claims for punitive damages and attorney's fees may be included in the total used to satisfy the minimum amount for diversity jurisdiction."). Therefore, although Defendant denies that Plaintiff will be successful in his attempt to recover these damages, they are properly considered in the amount in controversy calculation.

It is well-established that attorneys' fees authorized by statute are also included in the amount in controversy. *See Galt G/S,* 142 F.3d at 1155; *Pereza v. Progressive Direct Ins. Co.*, No. 2:15-CV-77 JCM (VCF), at *3 (D. Nev. Apr. 8, 2015) (explaining that "attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant"); *see also* NRS 613.342 (providing for the same legal or equitable relief that may be awarded to a person pursuant to Title VII). "Employment discrimination claims require a great deal

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV  89169.5937
702.862.8800

of preparation and effort to maintain." *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, *5 (N.D. Cal. July 11, 2008). Indeed, "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1035 (N.D. Cal. 2002).Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 795 (9th Cir. 2018). Comparable plaintiffs' attorneys in this jurisdiction have previously been awarded fees using the hourly rate of $300/hour. *See Banks v. Robinson*, Case No. 2:11-CV-00441-RLH, 2012 WL 993303 (D. Nev. Mar. 23, 2012) (awarding attorney Christian Gabroy attorneys' fees at rate of $300/hour reduced from requested $450/hour). Assuming Plaintiff's counsel spends a minimum of 150 hours litigating this matter through trial, Plaintiff's attorneys' fees award would be $45,000.

Plaintiff's alleged lost wages further increases the amount in controversy. Pursuant to NRS 613.432, a plaintiff who has been injured by an unlawful employment practice may be awarded the same legal or equitable relief available under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §§ 2000e et seq. At the time of Plaintiff's termination, he worked 40 hours a week and earned $15.00 an hour. Plaintiff was terminated on May 2, 2023. *See* Compl. ¶ 31. Accordingly, Plaintiff's potential lost wage damages from the date of his termination to the date of the filing of the present Notice of Removal is $49,200. Plaintiff would accrue additional lost wages from the time of removal through trial of approximately $156,000, making his total lost wages from the time of termination through trial to approximately $205,200.

The potential for emotional distress damages is properly considered in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Canonico v. Seals*, 2:13-cv-00316-RCJ-NJK, at *3 (D. Nev. Apr. 25, 2013) Defendant denies that Plaintiff is entitled to any emotional distress damages in this case. However, Plaintiff alleges that he has suffered severe emotional distress because of Defendant's alleged conduct. *See* Compl. at ¶ 33. Emotional distress awards in discrimination cases may be substantial. *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1039 (9th Cir. 2003) (affirming judgment of $360,000 in discrimination case regardless of whether emotional distress portion was $223,155 or $123,155).

Punitive damages are also properly included in determining the amount in controversy. *Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 863 (9th Cir. 2017). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003).

Thus, consideration of the damages Plaintiff seeks and is authorized by statute to recover should he prevail, shows that the amount in controversy is well over the jurisdictional threshold.

**4.      If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

Not applicable.

**5.      In actions removed on the basis of the court's jurisdiction in which the state court action was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.**

Not applicable.

**6.      The name of any defendant known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.**

None.

Dated:  December 18, 2024

LITTLER MENDELSON, P.C.

Z. Kathryn Branson, Esq.

Attorney for Defendant
TELUS INTERNATIONAL (U.S.) CORP.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169. On December 18, 2024, I served the within document(s):

**TELUS INTERNATIONAL (U.S.) CORP.'S STATEMENT REGARDING REMOVAL**

☒    by serving the following parties electronically through CM/ECF.

Patrick W. Kang, Esq.
Kyle R. Tatum, Esq.
Paul H. Wolfram, Esq.
KANG & ASSOCIATES, PLLC
6480 W. Spring Mountain Rd, Suite 1
Las Vegas, NV 89146
Phone: 702.333.4223
Fax: 702.507.1468
pkang@acelawgroup.com
filing@acelawgroup.com

Attorneys for Plaintiff
DAVID ISLAS

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 18, 2024, at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

4899-6870-8104.1 / 098858-1022

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV  89169.5937
702.862.8800