**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
**ACE LAW GROUP**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
P: 702.333.4223
F: 702.507.1468
pkang@acelawgroup.com
filing@acelawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ISLAS, an Individual;<br><br>          Plaintiff,<br><br>vs.<br><br>TELUS INTERNATIONAL (U.S.) CORP., a Foreign Corporation; DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive;<br><br>          Defendants. | Case No.: 2:24-cv-002230<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

[1]

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

COMES NOW Plaintiff, DAVID ISLAS, by and through his attorneys of record, Patrick W. Kang, Esq., Kyle R. Tatum, Esq., and Paul H. Wolfram, Esq. of the law firm of ACE LAW GROUP, and hereby submits this Reply in Support of Plaintiff's Motion to Remand.

This Reply is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other and further argument and evidence as may be offered at the time of the hearing of this Motion.

DATED this __14th__ day of January 2025.

**ACE LAW GROUP**

 /s/*Paul H. Wolfram, Esq.*
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
702.333.4223
*Attorneys for Plaintiff*

[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**LAW AND ARGUMENT**

28 USC 1447 is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking it. *Acad. Of Country Music v. Cont'l Cas. Co.,* 991 F.3d 1059, 1061 (9th Cir. 2021); *see also Provincial Gov't of Marinduqe v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009)("The defendant bears the burden of establishing that removal is proper."). A federal court must reject jurisdiction and remand the case to the state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

In contesting jurisdiction, a plaintiff may either facially or factually contest a defendant's jurisdictional allegations. *Salter v. Qualiy Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). When a plaintiff asserts a "facial attack," which accepts the allegations as true but asserts they are "'insufficient on their face to invoke federal jurisdiction,'" a court need only determine whether the defendant has plausibly alleged the facts necessary to support removal. *Id.* at 964 (quoting *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014). However, a "factual attack" challenges the underlying facts supporting the jurisdictional allegations. *Salter,* 974 F.3d at 964. A plaintiff need not introduce evidence to mount a "factual attack," but must only "challenge the truth of the defendant's jurisdiction allegations by making a reasoned argument as to why any assumptions on which they are based on are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). Defendant here has failed to meet its burden as to both diversity and the amount in controversy, warranting remand.

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

[3]

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

### A. Defendant Has Not Demonstrated Complete Diversity

An action may only be removed to federal court based upon diversity jurisdiction when there is complete diversity of citizenship between the parties. 28 USC 1332(a), 1441(b). Plaintiff is a citizen of the state of Nevada; therefore, if Defendant is also a citizen of Nevada, complete diversity does not exist, and remand is proper. A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 USC 1332(c)(1). A corporation's principal place of business is defined as the place where "a corporation's officers direct, control, and coordinate the corporation's activities," in other words, the corporation's "nerve center." *Hertz Corp. v. Friend,* 559 U.S. 77, 92 (2010). The "nerve center" is usually the corporation's main headquarters, a single place within a state, and is not to be judged on the business activity within the state as a whole. *Id.*

The only support Defendant offers in support of its principal place of business being located in Vancouver, Canada is an affidavit from Noreen Sendelbach, who is purportedly the Vice President of Human Resources and Total Rewards for Defendant. However, nearly every publicly available filing made by the Defendant directly contradicts this contention. As in Plaintiff's Motion, Defendant lists all of their officers located at a Las Vegas address with the Nevada Secretary of State. Attached as **Exhibit 1** is the Washington State Secretary of State information for Telus International (U.S.) Corp. where the principal place of business is listed as 2251 South Decatur Boulevard, Las Vegas, Nevada, the same address as in the Nevada Secretary of State database. Attached as **Exhibit 2** is the California State Secretary of State information for Defendant which similarly lists their principal address at the same address. Attached as **Exhibit 3** is the Oregon Secretary of State information for Defendant which also lists the principal place of business at the same address. **Exhibit 4** shows the same for Arizona. **Exhibit 5** shows the same

[4]

for West Virginia. **Exhibit 6** shows the same for Pennsylvania. Either Ms. Sendelbach has misrepresented the principal place of business in her affidavit, or Defendant has misrepresented it to several states it does business in.

Additionally, a simple review of Telus' website, as recommended by defense counsel, only creates more confusion as it is entirely unclear what actual entity the CEO, COO, CLO, CFO, etc. actually work for, as it could either be the parent entity, Telus International (Cda.) Corp. a publicly traded company, or Telus International (U.S.) Corp., a privately held subsidiary.[1] However, Telus' own website lists their primary and *only* United States location for the U.S. Corp, who is the defendant here, as 2251 South Decatur Boulevard, the exact same address listed with the secretary of state of four different states.[2] While the Canadian parent company may very well be principled in Canada, the 2251 South Decatur locations is certainly presented as the headquarters and "nerve center" of the U.S. based subsidiary.

### B. Defendant Has Not Demonstrated the Amount in Controversy Exceeds $75,000

In evaluating the amount in controversy, the Court cannot "base a finding of jurisdiction on a defendant's speculation and conjecture. Rather, a defendant must set for the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Roth v. Comerica Bank,* 799 F.Supp.2d 1107, 1118 (C.D. Cal 2010). The court may consider the facts in the removal petition and may require parties to submit "summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). "By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all… the burden is

---

[1] Defendant's statements are also incorrect and misleading, as some chief officers state they live in British Columbia, Virginia, Dublin, and Colorado. *See https://www.telusdigital.com/about/our-team?linkname=our_team&linktype=mainnav*
[2] *See https://www.telusdigital.com/about/locations/united-states.*

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

[5]

on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen v. BMW Fin. Sevs. NA LLC,* 707 F.3d 1136, 1141 (9th Cir. 2013). Defendant here has failed to meet its burden demonstrating the amount in controversy exceeds $75,000.00.

Firstly, in its opposition, Defendant seeks to add costs to the amount in controversy calculation; however, costs cannot be considered. *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1997). It further contends that Plaintiff seeks damages for an alleged breach of the implied covenant of good faith and fair dealing. This allegation does not appear anywhere in Plaintiff's Complaint.

Moreover, Defendant argues that Plaintiff did not dispute Telus' calculations in the Notice of Removal, this ignores pages 7-9 of Plaintiff's motion which clearly contests Defendant's calculations and provides alternative calculations based upon the same information considered by Defendant. This argument further ignores that it is not Plaintiff's burden to present evidence concerning the amount in controversy. The removing party must demonstrate removal is appropriate, it is not the plaintiff's burden to demonstrate removal is inappropriate.

In demonstrating that removal is appropriate, the Defendant is not required to research, state, and prove the amount in controversy, but it must present more than mere speculation and conjecture. *Roth*, 799 F.Supp.2d at 1110 (C.D. Cal. 2010). It also must do more than note that a plaintiff pled entitlement to certain categories of damages and assign a figure to each category. It must provide some reason which supports an amount in controversy exceeding the jurisdictional threshold. *See Burk v. Med. Sav. Ins. Co.,* 348 F.Supp.2d 1063, 1069 (D.Ariz. 2004); *see also Hasich v. Allstate Insurance Co.,* 942 F.Supp. 1245, 1248 (D.Ariz. 1996)(Requiring defendant to articulate particular facts which would warrant extraordinary damages); *Conrad Associates v.*

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

*Hartford Acc. & Indem. Co.,* 994 F.Supp. 1196, 1201 (N.D. Cal. 1998)("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages."). These reasons may be based on reasonable assumptions, but the "assumptions cannot b pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1199 (9th Cir. 2015).

Defendant has provided speculative and conclusory amounts to justify the amount in controversy. This becomes evident in looking at the "similar" jury verdicts it provides in its notice of removal and its Opposition. While Defendant has identified examples of large compensatory and punitive awards in cases arising under NRS 613, it provides no analysis or commentary on how those cases are in any way analogous to the case at bar, aside from the common, broad subject matter of discrimination.

Defendant's lost wage calculation, as further outlined in Plaintiff's motion, is pure conjecture based upon the stacking of unreasonable calculations. Defendant's affidavit indicates Plaintiff was earning approximately $600/week during his employment and asserts his lost wages could potentially amount to $205,200, equating to 342 weeks of unemployment. This is grossly higher than the average term of unemployment for a person who became unemployed in May of 2023 and is based on the assumption Mr. Islas has and will remain unemployed through a verdict in this matter. Such a calculation is based on multiple layers of unreasonable speculation.

In summation, Defendant's amount in controversy calculation is based on unreasonable assumption, speculation, and conjecture. Accordingly, it has failed to meet its burden of proof, warranting remand.

**C. If This Matter is Remanded on Amount in Controversy Grounds, Judicial Estoppel is Inappropriate**

As above, the party invoking removal jurisdiction bears the burden of demonstrating removal is appropriate. In seeking remand, neither Plaintiff nor his counsel made any affirmative representation as to what it believes or contends the amount in controversy is or may be. Removability is determined upon the information in the Complaint and reasonable assumptions made therefrom, not upon subjective beliefs of counsel. *See Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Plaintiff here has not insisted that the amount in controversy is greater or less than the jurisdictional threshold, only that Defendant has failed to meet its burden by basing its amount in controversy calculation upon unreasonable assumption.

In determining whether judicial estoppel is appropriate, the United States Supreme Court has listed three factors that courts may consider: 1) Whether a party's later position is "clearly inconsistent" with its earlier position; 2) whether the party as succeeded in persuading a court to accept the earlier position so that court was misled; and 3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine,* 532 U.S. 742 (2001)(internal citations omitted). Evaluating these factors demonstrates that estoppel is inappropriate.

For one, Plaintiff's position is that Defendant has failed to meet its burden demonstrating removal is appropriate. No affirmative representations have been made as to the potential amount in controversy, and Plaintiff has only made argument that Defendant's amount in controversy calculation is based in either unreasonable assumption, speculation, or conjecture, and therefore has failed to meet its burden. Even if Plaintiff or his counsel believe the amount in controversy exceeds the jurisdictional threshold, there is nothing inconsistent in contending Defendant failed to meet its burden for removal.

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

In applying the second factor, Defendant assumes that any remand order would be based upon the Court determining the amount in controversy is less than $75,000, not that it has failed to meet its burden of proof. Should the Court determine Defendant has failed to meet that burden, estoppel would be inappropriate. Finally, even if the Court orders remand, Defendant can still properly seek removal at a later date if some pleading or other document demonstrates removability. *See Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1123 (9th Cir. 2013). Therefore, Plaintiff would not gain an unfair advantage by taking the position that Defendant failed to meet its burden, and Defendant would not suffer any detriment, as their ability to remove this matter would not be foreclosed upon. Accordingly, judicial estoppel at this stage in litigation would be entirely inappropriate.

### D. Jurisdictional Discovery is Inappropriate

Defendant has alternatively requested this Court permit it 60 days to conduct jurisdictional discovery solely on the amount in controversy and requests the Court hold any ruling in abeyance during this time period.

Section 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 885 (9th Cir. 2010). "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within 30 days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth,* 720 F.3d at 1123 (9th Cir. 2013). The thirty-day time limit is mandatory, and the right of removal ceases to exist when the time limit has lapsed. *See Peter Holding Co. v. Le Roy Foods, Inc.,* 107 F.Supp. 56, 57 (D.N.J. 1952)("The statutory period is an inflexible rule of law determining the time within which an application to remove must be made…"). The Court cannot provide additional time for a defendant to seek removal. Rather, a defendant must remove

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

a case within 30 days of receipt of a pleading or other paper which shows removal is appropriate. Defendant here sought removal based upon the four corners of the pleading. Should the Court find Defendant failed to meet its burden, the inquiry should end, and the matter should be remanded.

Further, while the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification act of 2011 contemplated discovery to resolve evidentiary disputes for amount in controversy requirements, there is no evidentiary dispute here. Rather, Plaintiff has contended that Defendant relied upon unreasonable assumption, speculation, and/or conjecture in arguing the amount in controversy exceeds $75,000. There is no "evidence" which can be proffered by either side to affirm or dispute that amount, as the figures were reached solely based upon the allegations in the pleadings and assumptions made by the Defendant. Should this matter be remanded, there is nothing preventing Defendant from conducting discovery on the amount in controversy and later requesting removal based upon newly acquired papers which support its contention.

i.    *If the Court Permits Jurisdictional Discovery, Plaintiff should be Permitted to Conduct Discovery on Diversity*

While Plaintiff contends jurisdictional discovery is inappropriate as to the amount of controversy, in fairness, if jurisdictional discovery is permitted, Plaintiff should be permitted to conduct discovery regarding the diversity of the parties. As opposed to the amount in controversy, which is based solely upon allegations and assumptions made therefrom, the domicile of a corporation is an evidentiary dispute, which could be properly resolved via limited jurisdictional discovery. Should jurisdictional discovery be ordered, Plaintiff only requests the opportunity to conduct discovery regarding Defendant's domicile.

**II.**

**CONCLUSION**

For removal based upon diversity jurisdiction, the removing party bears the burden of demonstrating the parties are diverse and that the amount in controversy likely exceeds the jurisdictional threshold. Here, Defendant cannot show that parties are diverse, as Defendant maintains its headquarters in the state of Nevada. As both Plaintiff and Defendant would therefore be considered domiciled in the state, the parties are not completely diverse. Even if the Court determines the parties to be diverse, remand is nonetheless proper as Defendant failed to meet its burden that the amount in controversy has been met. Defendant's support to reach the jurisdictional threshold was based solely in speculation and conjecture which does not competently support removal. Plaintiff respectfully requests the Court grant Plaintiff's Motion to Remand, along with any other relief which may be deemed proper

DATED this __14th__ day of January, 2025.

**ACE LAW GROUP**

 /s/*Paul H. Wolfram, Esq.*
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
702.333.4223
*Attorneys for Plaintiff*

[11]

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of ACE LAW GROUP, over the age of 18, neither a party to nor interested in this matter; that on this 14th day of January 2025, I served a copy of **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**, as follows:

    X     by electronic filing notification where specified on the attached service list:

_____ by mailing a copy thereof enclosed in a sealed envelope with postage prepaid in in the United States Mail at Las Vegas, Nevada, to the counsel of record at the following address:

_____ by facsimile transmission, pursuant to NRCP(5)(b) and EDCR 7.26, to the following fax number:

TO:    Z. Kathyrn Branson, Esq.
        LITTLER MENDELSON, P.C.
        3960 Howard Hughes Parkway, Ste. 300
        *Attorneys for Defendant*

                                */s/ Jhana Richardson*
                                An Employee of ACE LAW GROUP

ACE LAW GROUP
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146

[12]